**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO ANDRES ORTIZ, | No. 21-15496 |
| Petitioner-Appellant, | D.C. No. 4:17-cv-00623-JGZ |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF ARIZONA; DAVID SHINN, Director, | MEMORANDUM[*] |
| Respondents-Appellees, | |
| and | |
| CHARLES RYAN, | |
| Respondent. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted February 14, 2023[**]

Before:     FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Arizona state prisoner Armando Andres Ortiz appeals pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *see Rowland v. Chappell*, 876 F.3d 1174, 1180 (9th Cir. 2017), and we affirm.

Ortiz alleges that his trial counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), by conceding Ortiz's guilt to the aggravated assault charges and by failing to research and present a self-defense theory against those charges. The state courts' resolution of these claims was neither contrary to, nor an unreasonable application of, *Strickland*. *See* 28 U.S.C. § 2254(d)(1). As the state trial court concluded, the decision to concede a less serious offense in order to defend against more serious ones can be a reasonable trial strategy, and it was so here because the evidence against Ortiz as to the assault charges was strong. *See Gallegos v. Ryan*, 820 F.3d 1013, 1027 (9th Cir.) (attorney's admission of his client's guilt was not ineffective assistance in light of the evidence against the client), *amended on reh'g*, 842 F.3d 1123 (9th Cir. 2016). Moreover, the state appellate court reasonably concluded that Ortiz failed to show he was prejudiced by counsel's alleged failures in researching and presenting a self-defense theory because there was no reasonable probability that a jury would find a reasonable person in Ortiz's position would think it necessary to fire "several shots from a handgun in front of a convenience store" in response to the

guards' use of force.[1]

Ortiz also contends that his counsel's performance regarding his attempted second-degree murder and burglary charges fell below an objective standard of reasonableness. However, he cannot show prejudice because his convictions for these charges were vacated and the charges dismissed. *See Strickland*, 466 U.S. at 687. Nor does his opening brief "point us to specific instances of [defense counsel's] conduct that demonstrate incompetent performance" as to these convictions. *Browning v. Baker*, 875 F.3d 444, 471 (9th Cir. 2017).

We treat Ortiz's remaining arguments as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**

---

[1] Because Ortiz does not point to persuasive evidence showing that he acted in self-defense, the state courts' decisions were not based on unreasonable determinations of the facts, *see* 28 U.S.C. § 2254(d)(2), and we presume their factual findings to be correct, *see* 28 U.S.C. § 2254(e)(1).

21-15496